09-3224-ag
Khoufaify v. Holder

# UNITED STATES COURT OF APPEALS
# FOR THE SECOND CIRCUIT

# SUMMARY ORDER

RULINGS BY SUMMARY ORDER DO NOT HAVE PRECEDENTIAL EFFECT. CITATION TO A SUMMARY ORDER FILED ON OR AFTER JANUARY 1, 2007, IS PERMITTED AND IS GOVERNED BY FEDERAL RULE OF APPELLATE PROCEDURE 32.1 AND THIS COURT'S LOCAL RULE 32.1.1. WHEN CITING A SUMMARY ORDER IN A DOCUMENT FILED WITH THIS COURT, A PARTY MUST CITE EITHER THE FEDERAL APPENDIX OR AN ELECTRONIC DATABASE (WITH THE NOTATION "SUMMARY ORDER"). A PARTY CITING A SUMMARY ORDER MUST SERVE A COPY OF IT ON ANY PARTY NOT REPRESENTED BY COUNSEL.

At a stated term of the United States Court of Appeals for the Second Circuit, held at the Daniel Patrick Moynihan United States Courthouse, 500 Pearl Street, in the City of New York, on the 11ᵗʰ day of February, two thousand eleven.

PRESENT: DENNIS JACOBS,
                              Chief Judge,
              PETER W. HALL,
              RAYMOND J. LOHIER, Jr.,
                              Circuit Judges.

- - - - - - - - - - - - - - - - - - - -X

AHMED KHOUFAIFY,

        Petitioner,

        -v.-                                          09-3224-ag

ERIC H. HOLDER, JR., UNITED STATES
ATTORNEY GENERAL,

        Respondent.
- - - - - - - - - - - - - - - - - - - -X

FOR PETITIONER:    John Cobb
                   Cobb & Cobb
                   Newburgh, NY

1

**FOR RESPONDENT:**    Wendy Benner-León
                        Office of Immigration Litigation
                        U.S. Dept. of Justice, Civil Division
                        Washington, DC

Petition for review of a decision of the Board of Immigration Appeals dismissing Petitioner's appeal from a final order of removal entered by Immigration Judge Alan A. Vomacka, and motion for an order staying or cancelling the final order of removal.

**UPON DUE CONSIDERATION, IT IS HEREBY ORDERED, ADJUDGED AND DECREED** that the petition and motion are **DENIED.**

The Petitioner, Ahmed Khoufaify, is a citizen of Morocco who currently resides in the United States, having overstayed his tourist visa by almost a decade.  On December 6, 2007, an Immigration Judge ("IJ") ordered him removed. Khoufaify appealed this order to the Board of Immigration Appeals ("BIA"), which dismissed his appeal on June 29, 2009.  He now seeks review of that decision and requests that we stay or cancel his removal order.  We assume the parties' familiarity with the underlying facts, the procedural history, and the issues presented for review.

While we lack jurisdiction to review discretionary non-legal determinations by IJs and the BIA, 8 U.S.C. § 1252(a)(2)(B), we retain jurisdiction to review determinations of an alien's legal eligibility for adjustment of status.  8 U.S.C. § 1252(a)(2)(D).  In this case, the IJ and BIA refused to stay Khoufaify's removal order based on their determination that he would not be legally eligible for adjustment of status to permanent resident in the near future.  Because Khoufaify is disputing this legal determination of his eligibility for adjustment of status, we have jurisdiction to hear his petition.

During his removal hearings, Khoufaify asserted that he would soon become eligible for adjustment of status based on I-130 petitions filed on his behalf by his wife and his brother, both of whom are U.S. citizens.  Khoufaify presented no evidence that his brother had ever filed such a petition, and he admitted that even if such a petition did exist, it would not entitle him to adjust his status to permanent resident in the near future.  The government presented evidence that Khoufaify's wife had withdrawn her

2

I-130 petition and had divorced him; Khoufaify was unable to refute this evidence, and his attorney admitted that the wife was not a viable conduit for Khoufaify to adjust his status. Based on this evidence, there is no substantial evidence against the IJ's determination that Khoufaify will not be eligible for adjustment of status to permanent resident in the near future. Therefore, the IJ and the BIA were fully justified in refusing to stay Khoufaify's removal order.

In any event, Khoufaify is ineligible for adjustment of status to lawful permanent resident because he (at least twice) used a sham marriage to attempt to evade U.S. immigration laws. 8 U.S.C. § 1154(c) ("No petition shall be approved if...the alien has previously been accorded, or has sought to be accorded, an immediate relative or preference status as the spouse of a citizen of the United States...by reason of a marriage determined by the Attorney General to have been entered into for the purpose of evading the immigration laws."). Khoufaify's claim that he will soon be eligible for adjustment of status based on pending I-130 petitions is therefore false regardless of the validity of the factual findings made by the IJ and the BIA.

We hereby **DENY** Khoufaify's petition for review of the BIA's June 29, 2009 decision. In addition, we **DENY** as moot his pending motion for a stay or cancellation of his removal order.

FOR THE COURT:
CATHERINE O'HAGAN WOLFE, CLERK